Our last case today, No. 241776, Jimmy Valalobos-Santana, et al. v. Puerto Rico Police Department, et al. Counsel for Appellants. Please introduce yourself on the record to begin. Good morning, Your Honors. My name is John Mott for Appellants in this case. Could I reserve two minutes for rebuttal? Thank you. First of all, Your Honor, I will discuss the second issue on appeal, which is the judicial estoppel issue. First of all, in this case, all but one of the causes of action in the complaint accrued after the bar date for the proof of claims. Bar date was May 29, 2018, at 4 o'clock. Okay, all through the litigation, at no point was there any issue. Okay, so what are those post-petition claims? What do you call them? What are they? Are they administrative expenses? Okay, as I understand it, and that was an issue in the district court, and it was raised by the defendant saying that we could claim administrative expenses. Yes. As I saw it, I don't understand that that would be available. In addition, in the appellate brief... You have two problems. One is, is it just a non-dischargeable thing? And then you just carry on. That's one possibility. And my response to you is no, I think it's an administrative expense. So that's your first thing you have to deal with. Then you say, well, even if it's an administrative expense, their litigative behavior said to me, sent me the message, I can continue to litigate this in court. Those are the two separate problems in this case. Can you start with the first, because we have to get over that hurdle, which is, is your position, it is an administrative expense, or it's not? Our position, Your Honor, looking at what administrative expense is under bankruptcy law, no, it isn't. Why? This is only a claim for a violation of their constitutional rights under 42 U.S.C. 2000. There was summary judgment, partly granted, partly denied. So the claims are there. They're not what is normally considered an administrative claim. But under Redding, the Supreme Court's decision, which is the fundamental fairness doctrine, wrongdoing committed by the debtor, post-petition against some party, is a, as I understand it, considered an administrative expense against the third party, whether it's a negligent tort or even an intentional tort. And in our decision in Charles Bank Laundry, that was intentional conduct by the debtor, post-petition, in committing and violating a court order. And we said, no, that's an administrative expense. So the party had to file, by the administrative expense deadline, a request with the bankruptcy court. Why is this case, which is intentional conduct to discriminate against your clients, post-petition, treated any differently than the Charles Bank Laundry case? First of all, Your Honor, if we look at what actually happened, in January of 2022, the plan of adjustment was approved. It started being executed in March 13 of 2022. At that time, if they had not been sending the messages that this case does not apply, the injunction does not apply to this case, that could have been done. But when did they raise it for the first time? May 6, 2024. So it's over now. You've kind of gone past issue one. And now you're saying, well, OK, I guess you've told me it's an administrative expense. And now you're saying, I am exempt from the bar deadline because of their litigative conduct. Probably. OK. Is that the only reason? It's my understanding that the PROMESA court also ordered them to give anybody with these types of claims notice. No notice was given to our clients, Your Honor. As I said, the causes of action occurred after the bar date. There's two bar dates. Bar date for the approval claim. Let's be clear. The bankruptcy requires we be clear. Pre-petition bar date, claims come after. So you're in a post-petition world. But the confirmation order has an administrative expense bar date that was 90 days and then extended after the confirmation order went into place. That's the bar date I'm talking about. You didn't file an administrative expense request by that date. And you're saying their litigative conduct induced you to think you didn't have to. And maybe they should have, in light of what Judge Thompson said, provided you with a certain kind of notice that you didn't get. Yes. Your Honor, this is very important because in terms of the representations of the attorneys, the Department of Justice, the Federal Litigation Division, Ms. Pinacaricano, a very able lady in charge, is the one who deals with the PROMESA. Okay. So Section 503 says you have to file by the bar date or, for good cause, you may file a late claim that the bankruptcy or the PROMESA court could allow. So why can't you go over to the PROMESA court, the Title III court, and say, their litigative conduct, their sloppy notice misled us. This is what they did. Here we are. Here's our administrative claim. Here you go. And then you would be protected and you would be sort of at the top of the list if you win your case for people to get their money. Well, first of all, Your Honor, the time that has expired. Right. But what I'm telling you is the law says even when the time expires, if there's a reason the Title III court has the power to let you in the door, why isn't that the right thing to do? Because here, and usually in these cases, it's something that has to do with a few days, a few months. We're talking here two years. When the — You're going to tell her it's the debtor's misconduct. That seems to be a powerful point if it's true. Is that what you're saying, that you'd rather have an additional estoppel ruling than this? Yes, Your Honor. Specifically because we do not know if the court will at this stage grant me that because this has been three years. So you're just saying we can't avoid the judicial estoppel. So we've got to decide judicial estoppel. If we rule for you, end of case, in your favor. If we rule against you, then we would reach the issue of is it an administrative expense? Then if it is, then you can go through that process and take your chances. Basically. And did they ever say to you it's not an administrative expense? As I said, Your Honor, in the brief for the appellate, they said if you didn't file a proof of claim, you will not be paid. They didn't specifically address the administrative expense, which was addressed in the district court. Am I right in thinking, though, I mean, it sounds like you thought it wasn't an administrative expense.  Did they say something that caused you to believe that it was not an administrative expense? It was my analysis, correct or incorrect, of what an administrative expense is. What kind of notice do you think they owed you? At least once the March 13, 2022 date came about, they should have noticed this case. Because also, you have to consider also the issue on the court. Finish the thought. There's two kinds of notices I understand in the world. There's notice in the newspaper, in the radio, in the television. That's a notice. Or there might be a letter to you in the mail that says these are the things you need to do to preserve your administrative expense. Do you have a position on what kind of notice? The second one, actually, the only notice that we should have taken was a motion to the court, which was done in May of 2024, but at least March of 2022, saying this case is the injunction of Judge Swain is applicable. Because I guess what I'm uncomfortable with judicial estoppel is saying judicial estoppel, because usually I think of that as a representation to the court that you're walking away from. Here, it's more of a they didn't say something they should have said, which really seems to be a fault of notice. And I guess I'm wondering, because you agree there was this kind of newspaper, television, radio notice that existed, right? That there was a case, obviously. That there's an expense bar date coming, and people who have expense bars need to file. That notice existed. Yes, in the newspapers, et cetera. And you didn't know you were that. Exactly, because of the conduct. And is that on them or you? Excuse me? Is that on them or you? Them, because they didn't. My understanding of this case was always, always, the Commonwealth case does not apply to us, to this particular cause of action. That was my understanding. And that's because of the legal research you did on that point? Because it was never raised. Is it on them to raise it, or do you have to just figure out what is your status? Did you know? You knew the Commonwealth was in bankruptcy, right? Yes, yes. You knew you brought a post-petition claim against them, right? And my understanding was that since it wasn't a post-petition claim, the injunction, et cetera, would not apply to them. Because it was post-petition. Exactly. And post, very important, post the proof of claim date. But, I mean, if we were to conclude that it was an administrative expense, presumably to get there we would have to say that something that wasn't entirely clear in our circuit has now been clarified. And I would think in that circumstance it might be helpful to your request for mercy under the good cause exception. Sure. Okay, thank you. Thank you, Your Honor. I'm sorry. Go ahead. The bankruptcy court issued an October 30th order about a 1983 type claims and claims against people in their personal capacity. Are you familiar with that? Yes, I'm familiar, and I looked at it. And does that have any bearing on your arguments before us? No, because the way I read that opinion, it was because it was against persons. Right. In addition, when the claims against the government, when the petition was filed, which was May of 2017, I had several cases in which the officials were sued, not the commonwealth per se. And I did a research on that. And with all due respect to Judge Swain, who I hold in high esteem, I don't think she's right on that. I think that because of the scheme saying the process in which this is done, in which an official is sued for violation of civil rights, he goes to Law 9, the government of Puerto Rico says, yes, I'm going to give you defense. Right. And later, after a judgment, I'll decide if I give you defense. The difference here, the difference why that case doesn't apply, as I understand it, is you didn't sue any people. Exactly, because it was the police department. You didn't sue the two offenders. No. But you did sue the chief. No, the police department. You dropped out the one individual, right? You dismissed out the one individual. Yeah. Okay, so that individual is no longer in the case? No. Okay. So it's a suit of your clients against these government entities. Yes. Only. Okay. Okay. Thank you, Your Honor. Thank you, Counsel. Constitutional attorney for Appalachia, please come up and introduce yourself on the record to begin. Good morning, Your Honors. May it please the Court. My name is Luis Roman Negron on behalf of the Appalachians. I must begin by stating that several crucial facts for this case are already established, either by way of admission or by not being challenged, either on appeal or in the court below. First of all, this is a case against a covert entity. It is the Puerto Rico Police Bureau, which is an agency within the Puerto Rico. Okay, we agree with that. What's the next thing? The next thing, this is a claim that arose and was presented prior to the effective date of the plan of adjustment. Number two. And number three, no proof of claim or administrative claim was filed. So this is uncontested. So you agree this is a post-petition suit? This is a post-petition but pre-plan of adjustment. Yep. So those facts are uncontested. There's also no challenge to the fact that this is a claim as defined in the plan of adjustment. So it is important to underscore that. Did the bankruptcy court order notice be given to all potential claimants about submission of administrative claims? The confirmation order contains a clear warning that 90 days after the issuance of the confirmation order and the adoption of the plan of adjustment, any person having a claim had to file administrative claims. But there's a due process aspect to all of this. You didn't answer my question, which is did somebody say that the claimants had to be sent notice? There was a deadline.  It was a notice through that action, and it was widely covered, as appellants admit, that it was widely covered throughout the media in Puerto Rico. I mean, but folks knew what lawsuits had been, and you'd been litigating this, so folks knew what lawsuits had been filed against the Commonwealth, which had been stayed, and you're saying that those persons, those known persons, there was no order directing that they be given notice that they had to file administrative claims. In this case? Any case. In any case, yeah. I'm talking about a general order of notice. Yeah, it was given through the order adopting the plan of adjustment. In a case such as this where there's so many. Which was then broadcast through different means. But as I understand the law in this area, the law draws a due process distinction between known creditors and unknown creditors. And as to unknown creditors, this kind of notice by broadcast is acceptable. But as to known creditors, they are entitled to receipt of actual, physical, mailed notice. And I would think these people fall within the known creditor bucket because they had sued you. So it wasn't enough to say, oh, Judge Swain on Sunday granted an order to confirm, and then it went up on TV, radio. That's enough for people that the Commonwealth didn't know about. But as to those they did, that doesn't meet due process. Do you have a response to that? I respectfully disagree. As recognized in a prior case in this circuit, which is 24-12-56 Dia Santiago versus Sanchez Acosta. The general notice of the existence of the stay and consequently afterwards the discharge was deemed to be enough. And we respectfully agree with that reasoning. So, yeah. Go ahead. Did you want to finish that thought? Did you want to finish that thought? I'm sorry. Did you want to finish that thought? Yes. Yes. We, in that case, was very similar to this one. And actually, that case was similar in the fact that it was a post-petition pre-plan of adjustment case. There was no actual, like, the notice that the appellant is actually asking for here. And I must state right now, plaintiffs and appellants are giving notice here in argument. But the brief does not contain a statement of error regarding that. So, I respectfully submit that any challenge to notice is waived.  Can I just, do you take the view that this is an administrative expense? Your Honor, this is not a question on appeal. I believe that he already conceded that he believes that it's not. And the relevant fact for this appeal is. The only reason I ask is because, and I don't know how this, I appreciate the waiver point. One of the strong arguments against your attempted enforcement of the bar date, the earlier bar date, is, well, what's a person supposed to do? I have a claim that arises post the bar date. And now you're saying the plan can discharge it. So, then they make this argument under the statute, which facially seems, it is kind of concerning. I mean, what is this person supposed to do? They get completely wiped out. A very powerful response to that is, they're not wiped out. It's an administrative expense. But they didn't argue that it's an administrative expense. So, it just is an odd circumstance. In writing an opinion in this instance, I wouldn't want to leave the impression that legally it would make sense to say, even though this is not an administrative expense, and it accrued post the bar date, it can be discharged under the plan without going through a fairly intensive analysis under the statute, whether that's authorized. But, of course, we can bypass that whole question if, in fact, it's an administrative expense. Do you follow? I'm not sure if I'm entirely following. Yeah, but I think the decisive. This is more my problem than yours in a way. But it is a problem because the thrust of the appellant's argument is that the statute does not authorize wiping him out of a claim that accrues post the par date. And your one answer to that is, well, the plan says it does. And then that's not really responsive to the question of, does the statute authorize the plan to do that? But that whole issue just goes away if, in fact, the plan accounts for it as an administrative expense, and this is an administrative expense, and claims like this are, then why would we be bothering with any of that? But the way the case has come to us, that issue isn't really squarely presented. So I'm just trying to think about what that means as to whether, I mean, maybe there just is a waiver problem that's insurmountable for the appellant. The fact that no administrative claim was filed, I think it makes it, regardless of whether you decide whether it was or not, if we go back, there was no filing by the deadline. What was the district court's theory in rejecting the claim? It was a plain reading of the confirmation order, which reads that any claim Maybe that one possibility is the appellant is saying that's not sufficient because that doesn't account for the potential statutory limit. Well, one possibility is the district court's analysis doesn't account for the statutory question, but rather than us confronting it in the first instance, maybe we should just vacate and remand so the question of whether it's administrative expense can be addressed. We respectfully disagree with the approach because at the end of the day, that approach would require for the court to carve out an exception to what is a clear reading of the confirmation order, which is that It would just say that this particular claim constitutes an administrative expense. At any rate, there was sufficient notice and they did not file it. And notice was not a All right, so what's your response, their response then to your litigative comments? I'm sorry. There wouldn't have been sufficient notice if it was an administrative expense potentially. If it's not an administrative expense, I totally follow the logic of how there was sufficient notice. But if it is an administrative expense, then aren't there questions about whether the type of general notice that was provided was sufficient or is that not right? Our position is that the notice that was provided complies with And that would be even true for things that qualified as administrative expenses. Yes. And since sufficient notice was given, it should have been filed. He should just have to do his analysis and figure out what the right answer is. And if he missed that date and didn't figure it out, then that's just the way it goes. You could have filed it and decide later whether it was or not. I think the safest way to go would have been to file it. You don't think you have any special obligation to known creditors, that is people you know about that have administrative expenses. In your view, broadcast notice as to those people is fine. Especially when there's a case against a subject of the PROMESA proceeding, you have to be aware of this is the position that we're maintaining. And this is under the law and the due process law. Constructive notice is valid. In cases such as this, we believe that the notice that was given throughout the island is sufficient. But given the way this case has come to us, at least it's not clear to me whether this is in fact an administrative expense. And there's also some ambiguity as to the kind of notice that has to be given. And none of that's been briefed. And so we're trying to figure out, once again, if we need to send it back so that that can take place and let the district court ponder it all first. Your Honor, I think it all boils down to challenging notice. And since notice was not challenged on appeal, it is waived. Then everything else is smooth on that regard. Because in order for me to – You're basically saying he has two arguments. But the only problem with it is that one of the arguments is that the statute doesn't authorize the plan to do this. Yes. Well, that is a challenging issue to resolve unless one has an understanding of what an administrative expense is. That's the thing that I think is confounding in us trying to resolve the appeal. Because that challenging statutory construction issue just goes away if it's an administrative expense. As you would concede, right? Because then there's obviously no disconnect between the plan and the statute. The plan contemplates administrative expenses with appropriate draw date as long as there's notice, et cetera, et cetera. But maybe the point is just that because he didn't raise the administrative expense issue, that's just part of the waiver on appeal. And that's a defect in his challenge on the statutory ground. And also, as I understand the argument, it is not as much as I didn't have notice. I probably had, but I didn't think it was applicable. Administrative expense, yeah. Thank you. Okay. Okay. Sorry. Can I touch upon it really quick? You still have two minutes. Yeah. Can I touch upon the judicial estoppel argument? We believe that it's misplaced. The doctrine requires for us to have made an affirmative statement, which the court accepted and relied upon, and then we backtracked. This is not what happened here. The argument that appellants are making is more akin to waiver, and under Section 524, this has been ruled to be an unwaivable kind of defense. So this is not an affirmative defense, but an absolute defense. We refer the panel to our brief where we discuss and set forth a case law on this matter. So this is not subject to the waiver. This is not judicial estoppel. And at the end of the day, what — If it's none of those things, did you agree with my point, though, that if the other side went and filed a claim or an administrative expense request, now they could at least say to Judge Swain, I suppose, that your litigative conduct misled them to not think it was administrative expense, because you were litigating it, like we're just going to litigate this until it's over. And then I show up one day and say, aha, here's our notice of bar, and she could make an initial ruling on that. And if she says, okay, you're in the door, great. And if she says, nope, you're too late, they could appeal that. And then we could deal with then dealing with the consequences of your, at least if it's not judicial estoppel, unclear litigative strategy. My position, and just to be clear, you mean like right now, after appeal or while the appeal is — Like today, he goes over there and files administrative expense, and he writes out, you know why I'm filing this late, Judge Swain? Because these are the things they did that made me think they believed we were just going to continue to litigate this in the Article III district court, and that your pro miso thing had nothing to do with this. Then, after the deadline had been closed, they show up and wave to the district judge a piece of paper that says notice of bar, and they say, too bad, our case is over, you can't go over there, you're just out of luck. And a judge might say, that doesn't seem fair. I'm not going to let the case go on in district court forever because that's not consistent with how bankruptcy works, but I am going to let them come into my bankruptcy case as a creditor now. Judge, language on the plan of adjustment that recognizes that the Title III court does retain jurisdiction over whether the discharge, unless modified, I think it's the language, unless modified by the Title III court. So to answer your question, Your Honor, that would be a different proceeding from the one we're dealing with right now. Let me hold off on that then. Suppose that he went to the Title III court now and made that filing. The Title III court would then rule on whether it's administrative expense and whether good cause was shown. At that point, if both things happened, what would that do to this case? If we held this case in abeyance while that happened, what would then happen to this case? Would it moot this case? I think this case is already moot because of the, in terms of the remedy- You know what you think. Focus on this question, which is future oriented. Okay? Future oriented, if he did that, went over to the Title III court after he leaves here today, and files an administrative expense request with a piece of paper attached that said, I know I'm late, but the reasons are misleading conduct by the Commonwealth. And she says, okay, I follow. I'm going to let you in the door. I accept your administrative expense. Assume all that. You disagree with everything I just said. Assume it's true. What happens next? In this case. If we hadn't done anything in this case, would it moot this case? It depends on whether the Title III court accepts- Assuming it does. Assuming it does, and he gets the remedy that he's asking for here. Well, no, he gets the remedy he's asking for there. There. It wouldn't completely- Where does the trial happen on this case? The underlying case? If she says, this is not an administrative expense, but there's no judgment, nobody's decided- I don't know if she even- Who does that? I don't know. Can she? This has been my question. Yeah, I don't know who this is. Okay, thank you. Yeah. Just one more question. Counselor, just one more question. We've had other cases where- I'm sorry, other cases involving this kind of alleged misconduct. Cases have been filed, and the minute the stay went into effect, that notice of the stay was filed with the Federal District Court cases. That wasn't done here, was it? No. It was filed a notice of injunction on May 6, 2024. Way after the bar date had gone. Yes. Yeah, way after. So that wasn't filed, and litigation continued. Litigation continued, and the notice of injunction was filed on May 6, 2024. Those are the facts of the case. Thank you so much. Thank you. Thank you, Counsel. Attorney Mudd, you have a two-minute rebuttal. John Mudd for Appellants. Your Honor, as to waiver, page 10 of the brief, by January of 2022, the parties were engaged in discovery in the instant case. Period. No mention was made by appellees that the case fell within the confines of the plan of adjustment. Okay? That's one. The court, the District Court, when it denied the- Is your argument that they waived the right to raise that? Yes, Your Honor, because if, again- I know that's not an argument. That's a statement of fact.  In your appellate brief, I don't recall you arguing that the District Court erred because they had waived their right to assert the plan. In not that many words. In different words. Yes. In judicial estoppel words, which is a different doctrine and is jurisdictional anyway. But I did mention the fact that they didn't actually mention that. But it's unwaivable. So I understand why you'd go to judicial estoppel, because that's different than waiver. Waiver is silence, but judicial estoppel is this very affirmative thing that maybe there's extra remedies for, which is why you did that, right? Because you know the bar can't be waived in the traditional sense, but maybe judicial estoppel is a way around that. I appreciated that argument. I don't know if it's right, but I understood what you were doing. Yes, Your Honor. And as to the, I want to make a point as to the argument was that judicial estoppel doesn't apply because there's not an affirmative action by the Commonwealth. That's totally incorrect. In this case, the affirmative action was to continue litigating the case, never raising the issue until they lost, which they partially lost. They did win some dismissals of some causes of action. And when they found themselves that they had to try the case, they raised the issue. I thought they were saying that there was never an affirmative representation or statement that was later contradicted. I mean, your argument is a little bit broader. You're saying that the action is the statement. Yes. The action of continuing. Because, I mean, it seems like I follow that. I have actually some sympathy for it. But it seems it also removes some of the legal responsibility of you as you're clearly litigating against what you know is a bankrupt entity to figure out. I mean, they must say in their answer, I'm sure they said we reserve our rights. You were not unaware of PROMESA. Well, Your Honor, if you look at the answer to the complaint, I don't remember any mention of PROMESA. Of course I knew that. Of course. Everybody in Puerto Rico knew that the Commonwealth was entitled. So what is your responsibility to figure out what is a post-petition Title VII claim against a government in a Chapter 9 basically situation? Like why are you totally absolved from having to figure out that legal problem where they didn't, they're bumbling along and maybe making mistakes. But what is your obligation? My obligation was to see what was going on. What was the message that we received? For example, we had a settlement conference. What was said in the settlement conference? We will not make any offers until the motions for summary judgment are decided. Okay. But here, the one thing that does concern me is you've made a statutory argument, right, in challenging the bar. Am I right or wrong? Statutory argument? I thought you were saying that the statute didn't authorize the plan to discharge a petition. Yes, yes. You made that argument. That's your first argument. Yes, exactly, the first argument. That's right. Okay. And that argument seems bound up with whether this is an administrative expense because if it is, that argument obviously has no purchase, right? I don't think so, Your Honor. Because the problem, what I argue in the first one, among other things. The premise of that argument is that yours is not an administrative expense. Yes. But you can't stipulate to the law in making an argument. No. But you have effectively. No, Your Honor. Implicitly, your argument depends on the premise that your claim is not an administrative expense. No, Your Honor. My argument. Well, if it is an administrative expense, then that statutory argument fails. I don't agree with your assessment. How could it be the case that if it is an administrative expense, that statutory argument has anything to do with this case? Because as I cite in my first argument. The plan doesn't discharge it then. Precisely the point is that. If it's an administrative expense. The argument. Because you still can get it protected, right? Not necessarily. Because administrative expense, am I going to get 100% of whatever a jury would give me? Or am I going to get something like 20% which is what the plan of adjustment says in terms of claims? Okay. That's what. So do you mean to be arguing in your statutory argument. Yes. That even as to administrative expenses. Claims that are administrative expenses. Those cannot be discharged. Not since in this case the claims are post petition. Even post petition things that fall within the Redding exception. You're still claiming even at that stage they cannot be discharged as a matter of statute. Yes. So we just have to decide that no matter what. And that's your collier's. Yes. That's your citation to the collier's treatise. Exactly. It's just non-dischargeable because the only thing that could be discharged are pre-petition claims. This is post petition. When the plan refers to causes of action, claims, debts, whatever that long list of things is. That doesn't apply. Exactly. Well, let's talk about that for just a minute because it's a pretty significant argument that we spent no time on. But is the... How much in the... In this instance, was this even in the twinkle of anyone's eye until after the bar date passed? In other words, you could have a situation which a claim is actually brought post petition for conduct that started pre-petition. In this instance, I take it, the conduct starts post the bar date?  Or post petition? It's post petition and post bar date because the petition obviously is before the bar date. There are two different bar dates. Well, actually, let's go number one. It's post petition. Number two is post bar date of the proof of claims. Okay. Post bar date of the proof of claims. And when you say it, you mean the actual conduct that gives rise to the claim? Exactly. Okay. And you're saying at least as to that type of conduct, that cannot be discharged? Exactly. And your authority for that is what? Colliers and bankruptcy. But there's no cases... No. I couldn't find any case that would support that, being fair. Could you find any cases that address it and go the other way? No. I couldn't find any either. And none was cited by the defendants either, by the police themselves. And do you, I mean, I don't know how familiar you are with this world. Is that because, in fact, they're treated as administrative expenses and so they're going through that process? I mean, why are there no such cases ever? But there are many cases inconsistent with it. And the answer is they are covered by the administrative expense bar date for torts committed by the businesses post petition. I believe, Your Honor, that the difference here is that in Chapter 11, the reason why the Title III court did what it did is that under Chapter 9, there are statutes that allow that. Not in Chapter 11. So the Reading Rule of Fundamental Fairness Doctrine that I've read in many of these Chapter 11 cases applies differently or not at all in the Chapter 9 context? Yeah. Chapter 9, there's a statute cited in the brief, and I can't remember it right now, specifically states that this charge may include claims, all claims that exist at that time. And at that time is the petition? No. It exists at the time of the issuing of the approval of the plan of adjustment. Well, this claim did exist at that time. Exactly. And so what does Chapter 9 say about such claims? In my understanding, the Chapter 9 allows that. Allows what? Allows it to do what? To discharge them. So that's bad for you. Right. Excuse me? Isn't that bad for you? Well, yeah, but I can't lie to the court. Okay. Well, that's good. Okay. It's there. Okay. So in other words, the citation to Collier's may not have any real bearing on this case because of the Chapter 9 difference? No. Actually, Collier's specifically Is about Chapter 9. Collier's specifically says that that is wrong. Can you align that with what you just told me the statute says? How does that Collier's quote, which I've read and I understand what it said, and then you just told me about Chapter 9 language seems to be broader, how do they mesh? Well, Collier's doesn't agree with what the law says. It understands that the proper interpretation is that it is only for pre-petition claims. Okay. One last point on this just so I follow. There's two different things going on. The question of whether it's an administrative expense under the Redding, is the same, are you saying that Chapter 9 because of that language seems inconsistent with allowing the Redding exception? Or are you saying something different? Even if it allows the Redding exception, it might still Well, yeah. You were telling us before that even if you could get it counted as an administrative expense, it wouldn't move this case. No, because of the argument that the injunction does not apply to this case because of the judicial stop of doctrine. Oh, I see. Okay, never mind. Thank you. Okay. Thank you, Your Honor, for your time. Thank you, Counsel. That concludes arguments in this case.